# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOSE MANUEL RODRIGUEZ,<br>    *Petitioner,*<br>vs.<br>PERRY RUSSELL, *et al.,*<br>    *Respondents.* | 3:19-cv-00117-HDM-CBC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (ECF No. 1) to proceed in forma pauperis and for initial review.

Petitioner has not properly commenced the action by submitting a pauper application with all required attachments. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2, a petitioner must attach both a properly executed financial certificate and an inmate account statement for the past six months. Petitioner attached neither.

It does not appear that a dismissal of the current improperly-commenced action without prejudice would materially impact the analysis of limitation-period and other issues in a seasonably-filed new action or otherwise cause substantial prejudice.[1]

---

[1] The Court takes judicial notice of the online docket records of the state district court and state appellate courts. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

Petitioner's original judgment of conviction was affirmed on direct appeal on June 27, 1991. *Rodriguez v. State*, 107 Nev. 432, 813 P.2d 992 (Nev. 1991). An amended judgment of conviction was entered on August 22, 1991. Thereafter, following a bench warrant and a guilty plea agreement in the same criminal case, a judgment of conviction was entered on August 2, 2002. No appeal was taken from that judgment, and there was no action apparent on the docket sheet in the case for over 12 years. On February 2, 2015, Rodriguez filed an appeal from a purported order "revoking parole." On March 17, 2015,

1

IT THEREFORE IS ORDERED that the application (ECF No. 1) to proceed in forma pauperis is DENIED without prejudice and that this action shall be DISMISSED without prejudice to the filing of a new petition with a new and properly completed pauper application in a new action under a new docket number.[2]

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find the dismissal of this improperly-commenced action without prejudice to be debatable or wrong, for the reasons discussed herein.

/ / / /

---

in No. 67379, the Supreme Court of Nevada dismissed the appeal for lack of jurisdiction over an appeal from such an order. The remittitur issued on April 13, 2015. Thereafter, from September 15, 2015, through November 27, 2018, (three months before the filing of this action), Rodriguez pursued multiple *pro se* proceedings in the state district court and Nevada appellate courts. These proceedings included multiple motions; two state postconviction petitions that were dismissed as, *inter alia*, untimely; and two appeals with petitions for rehearing.

To the extent, if any, that Rodriguez seeks to challenge his judgment of conviction in the current federal habeas petition, the dismissal of this action will not materially impact the analysis of the application of the limitation period in a seasonably-filed new action. According Rodriguez the very best possible *arguendo* assumptions about the calculation of the federal limitation period on the current record, the one-year period would begin running anew after the expiration of the time to seek review of the August 2, 2002, judgment of conviction, *i.e.*, after Tuesday, September 3, 2002. Absent tolling or delayed accrual, the limitation period would have expired on September 3, 2003. Regardless of petitioner's alleged limited English language capabilities, he was able to file and litigate extensive proceedings *pro se* in the state courts from on and after September 15, 2015, more than three years prior to the filing of the present federal action. Accordingly, to the extent that Rodriguez challenges the underlying judgment of conviction, a dismissal of this action without prejudice will not materially impact the limitation-period analysis in a seasonably-filed new action.

However, the claims in the federal petition allege error instead in the state post-conviction proceedings. Rodriguez challenges the state courts' holdings that his two state postconviction petitions were untimely as well as the procedure by which they reached those holdings. Claims of error in state post-conviction proceedings are not cognizable in a federal habeas corpus proceeding, even when such claims are based on the federal constitution. *See, e.g., Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989). Only the United States Supreme Court has jurisdiction to review a state post-conviction judgment as opposed to a judgment of conviction. A dismissal of this action without prejudice similarly will not materially impact an analysis of cognizability in a seasonably-filed new action.

The Court makes no definitive holding as to any issue regarding the calculation of the federal limitation period as applied to this case. The salient point is that any analysis of that issue and the cognizability issue in a seasonably-filed action will not be materially impacted by this dismissal.

[2] The Court does not reach petitioner's motion for appointment of counsel, which is a boilerplate form motion asserting no specifics particular to Rodriguez other than his current sentence. Rodriguez alleges limited English-language abilities elsewhere in his papers. However, Rodriguez has demonstrated the capability to file extensive papers in the state and federal courts over the past approximately three years with the resources available to him. Nothing in the records in the state and federal courts would suggest that Rodriguez would be unable to file a petition with a properly-completed pauper application in a new action unless counsel were appointed at this juncture.

1    The Clerk of Court shall send petitioner with this order a copy of his papers in this
2 action, along with copies of the forms and instructions for an inmate pauper application
3 and habeas petition.
4    The Clerk shall enter final judgment accordingly, dismissing this action without
5 prejudice.
6    DATED: May 28, 2019

_____
HOWARD D. MCKIBBEN
United States District Judge